J-A33022-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| PARIS EMMANUEL PAYNE, | : | |
| | : | |
| Appellant | : | No. 1198 WDA 2015 |

Appeal from the Judgment of Sentence Dated April 20, 2015,
in the Court of Common Pleas of Allegheny County,
Criminal Division, at No(s): CP-02-CR-0016341-2014

BEFORE:    LAZARUS, SOLANO, and STRASSBURGER, JJ.*

DISSENTING MEMORANDUM BY STRASSBURGER, J.:**FILED: FEBRUARY 14, 2017**

Because the evidence was insufficient to sustain Appellant's conviction,

I dissent and offer the following analysis.

In analyzing the EWOC statute, we have observed that

parents at times can make mistakes in judgment and that their children may be harmed as a result. However, for such mistakes to rise to the level of criminal culpability, parents must knowingly allow their children to be at risk with awareness of the potential consequences of their actions or of their failure to act.

***Commonwealth v. Miller***, 600 A.2d 988, 992 (Pa. Super. 1992).

Instantly, the evidence at trial established that Appellant was actually

trying to protect P.Z. when he believed she was running away.  The trial

court even acknowledged this series of events. ***See*** N.T. 4/20/2015, at 85-

86 ("[Father] didn't even realize that grandmother lived within a stone's

throw of where the mother lived; and that the little girl was going to see her

*Retired Senior Judge assigned to the Superior Court.

mother and her grandmother. [U]nfortunately, no one had that conversation, or no one made that phone call.").

Appellant, in an apparent effort to protect his daughter from going somewhere he did not believe she was supposed to go, utilized questionable judgment by grabbing her and swearing at her. The trial court stated:

> I do believe Appellant is guilty of [EWOC], not just by physically accosting her, but I believe the filthy language, where the fuck are you going? I believe that whenever a man talks to his daughter that way, to me, I believe that's endangering the welfare of a child, because of the psychological and emotional effect that this man that hasn't been in my life is confronting me with.

*Id*.

Stated simply, this conduct does not rise to the level of criminality which the EWOC statute is designed to prevent. Accordingly, the evidence is insufficient to sustain Appellant's conviction and his judgment of sentence should be reversed.